**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**AUG 1 2 2016**

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

LANI BLACK, INDIVIDUALLY AND AS                                    PLAINTIFF
SPECIAL ADMINISTRATRIX OF THE
ESTATE OF ROBERT BLACK, DECEASED

VS.                              NO. 4:16CV585 SWW

UNITED STATES OF AMERICA                                            DEFENDANT

### COMPLAINT

Comes the Plaintiff, Lani Black, Individually and as Special Administratrix of the Estate of

Robert Black, deceased,  and for her complaint against the Defendant, United States of America,

states:

　　　1.　　　This is a claim for personal injury, wrongful death due to negligence under the

Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq.

　　　2.　　　This court has jurisdiction under 28 U.S.C. § 1346(b).

　　　3.　　　Plaintiff's claims arise from acts and omissions that occurred in Pulaski County,

Arkansas, at the Veterans Administration Medical Center, operated and managed by the Veterans

Health Administration.

　　　4.　　　That at all times hereto, Robert Black was a resident and citizen of Pulaski County.

That Pulaski County is located in the Eastern District of Arkansas.

　　　5.　　　That the Defendant owns, operates and maintains a Veterans Administration Medical

Center in Pulaski County, Arkansas through the Veterans Health Administration, a branch of the

Department of Veterans Affairs, a federal agency, and the Veterans Health Administration

employees.

**This case assigned to District Judge** Wright
**and to Magistrate Judge** Volpe

6.     With respect of Plaintiff's claim, Defendant's agents, servants, and employees were at all material times acting within the scope of their office or employment under circumstances where Defendant, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Arkansas.

## COMPLIANCE WITH STATUTORY PREREQUISITES

7.     Plaintiff has complied with all statutory prerequisites for filing this claim.  Plaintiff made his claim in writing to the Department of Veterans Affairs, Little Rock, Office of Regional Counsel, 2200 Ft. Roots Drive, N. Little Rock, Arkansas 72114 on November 20, 2015 for the amount sought herein on account of the acts and omissions alleged herein and received a letter denying the Plaintiff's claim on May 18, 2016.  A copy of that letter is attached hereto as Exhibit A and incorporated herein by reference as if set out word for word.  A copy of the original claim form is attached hereto as Exhibit B.

8.     That Lani Black , the special administratrix, was appointed on August 1, 2016.  See Exhibit C.

9.     That Defendant's conduct violated Arkansas law as defined in Arkansas Model Jury Instructions, AMI 1501, 1502, 1503, and 1504.

## FACTS

10.     Plaintiff is elderly veteran that has several health problems, that include dementia. He came to the hospital on 07/14/15 seeking medical intervention to determine what could be done to treat his difficulty walking. He consented to hospital admission for treatment. While the plaintiff was at the hospital, the hospital failed to prevent him from sustaining a serious fall on 07/15/15 that resulted in fractures to the left side of his body and a subdural hematoma to his brain. He required increased care in a critical care unit due to the hospital and medical staff's failure to properly assess,

monitor, and treat a patient that should have had close supervision due to his medical history. The hospital's failure contributed to a decline in health that resulted in a prolonged stay in the hospital and likely complications requiring follow up care due to his injuries.

11.     Inadequate supervision of the plaintiff resulted in a fall that the plaintiff suffered severe injuries. A client with a history dementia and self reported difficulty walking should have warranted the need for one on one supervision to prevent serious injury based on his medical history. Standard fall precautions were in place, but it should have been foreseeable that standard fall precautions would be ineffective for a patient with dementia and gait problems. The client was admitted on 07/14/15 and sustained a fall with injury around 1630 on 07/15/15. See medical record page 539.

This pattern of negligent supervision continued on even after the serious fall. An example of this can be seen where an RN documented after the fall on 07/16/15 the patient had "not been identified at risk for falls." See medical record page 517.

12.     Possible failed medical intervention to treat a 2nd degree heart block that was documented the day of the fall 07/15/2015. In an addendum entry on 07/15/15 at 1408 a staff member identified what appeared to be a second degree heart block that resulted in a call to the doctor and an EKG. In another addendum on 07/15/15 an error in patient charted was documented. At 1630 the plaintiff sustained a fall that resulted in scapular fracture, zygomatic fracture, a subdural hematoma, and significant bruising to his face and head. It should have been foreseeable to healthcare personnel that abnormal cardiac function could easily contribute to a serious fall and the patient needed protection to prevent injury. In addition to staff charting errors in the medical record calls into question the standard of care. See medical record page 571.

13. Inadequate management of medication to treat the patient as evidenced by pharmacy consult reports in the medical record. A lab finding by a consultant pharmacist related to an abnormal lipid profile identified several discrepancies related to the treatment of the patients elevated lipid levels that could contribute to adverse outcome for the patient. In addition, discrepancies were identified related to anti platelet therapy by physicians treating the patient that could contribute to adverse outcomes for the patient. See medical record page 563.

14.     An adverse event disclosure note in the medical record documents a communication to the wife the hospital services did not meet the needs of the patient and the hospitals liability. See note below and medical record page 343.

15.     That the VA has a comprehensive fall prevention guideline with protocols and videos of how to prevent falls.  The VA failed to follow its own guidelines.

16. "Veteran fell while under our care, even with fall precautions and sustained injury that prolonged and complicated his care. I told her we were glad he was improving without surgical intervention. I told her that it was our opinion that we (CAVHS) had done less than our standard of care in respect to our fall prevention. I instructed her on the two avenues, and what each entailed, available to the veteran to redress the injury. 1. Tort claim for negligence and injury in federal court 2. Administrative injury claim.  By: John Gocio, MD;" page 343 quote from medical record.

<u>DAMAGES</u>

17.     Due to the hospitals failure to provide adequate care the plaintiff suffered complications from the fall that likely resulted in injuries that are permanent. This is evidenced by multiple return visits to the emergency department and hospitalizations.

18.     After the initial event the plaintiff did not discharge from the hospital until 07/23/15. Upon discharge he required physical therapy at a nursing home. After his discharge on 07/23/15 to

the nursing home, he was found unresponsive by nursing home staff on 07/28/15. This required a return to the hospital and a discharge on 07/29/15. After return to the nursing home the plaintiff was participating in physical therapy. During physical therapy the plaintiff lost consciousness and had clonic movements requiring a return to the hospital with admission for several days to treat and evaluate his condition. Radiology identified several brain abnormalities, in addition to the presence of a stable left temporal subdural hematoma that the patient suffered because of the fall on 07/15/15. The fall on the 07/15/15 has resulted in injury and extended treatment and rehabilitation of the plaintiff. The fall the plaintiff sustained on 07/15/15 has had a negative impact on the plaintiff's ability to fully recover and lead an independent life, requiring residence in a nursing home to meet his needs.

19.     That Lani Black has a loss of consortium claim.

20.     That Plaintiff is entitled to damages in the amount of $3,000,000.00.

WHEREFORE, premises considered, the Plaintiff, Lani Black, Individually and as Special Administratrix of the Estate of Robert Black, prays for damages against the Defendant, the United States of America, for compensatory damages in the amount of Three Million Dollars ($3,000,000.00); and for his costs and expenses incurred herein; and for all other just and proper relief to which this Court may find him entitled.

Respectfully submitted,

/s/John Ogles

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com



# DEPARTMENT OF VETERANS AFFAIRS
## Office of Chief Counsel
## Continental District East

**Sonya M. Cromwell**
Chief Counsel
Arkansas, Louisiana, Mississippi
1500 E. Woodrow Wilson Drive
Jackson, MS 39206

(601) 882-2878 (Of)
(601) 882-2886 (Fax)

May 18, 2016

In Reply Refer To: GCL21207

Mr. John Ogles
Ogles Law Firm, PA
200 South Jeff Davis
Jacksonville, AR 72078

RE:  Administrative Claim for Robert W. Black

Dear Mr. Ogles,

This office has completed investigation of the above-referenced matter under the Federal Tort Claims Act (FTCA), and it is denied. The FTCA provides a legal remedy enabling an individual to recover damages under circumstances where the United States, if it were a private person, would be liable. Our investigation, which included consideration of a medical opinions from medical specialists in Neurology and Nursing who were not involved in Mr. Black's care, did not find any negligent or wrongful act or omission on the part of a Department of Veterans Affairs (VA) employee acting within the scope of his or her employment that caused harm regarding your claim that alleged the providers at the Central Arkansas Veterans Healthcare System in Little Rock, AR, failed to adequately supervise Mr. Black while an in-patient, provided inadequate medical intervention and documentation and failed to adequately manage his medications.

Further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code (U.S.C.), which provides that a tort claim that is administratively denied may be presented to a federal district court for judicial consideration. Such a suit must be initiated within six months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, U.S.C.). If such a suit is filed, the proper party defendant would be the United States, not VA. Alternatively, a request for reconsideration of this claim by this office may be filed by: (1) mail to Office of General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) fax to 202-273-6385; or (3) e-mail to OGC.torts@mail.va.gov. VA must receive such a request within six months of the date of mailing of this notice of final denial as shown by the date of this letter. If a request for reconsideration is made, VA shall have six months from receipt of that request during which the option to file suit in an appropriate federal court under 28 U.S.C. 2675(a) is suspended.

Please note that FTCA claims are governed by a combination of federal and state laws. Some state laws may limit or bar a claim or law suit. VA legal staff handling FTCA claims work for the federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely yours,

Sonya M. Cromwell
Chief Counsel

cc:  CAVHS – Little Rock VAMC, Attn: QM

Exhibit ___A___

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>DEPARTMENT OF VETERANS AFFAIRS<br>REGIONAL COUNSEL (598/02 NLR)<br>2200 FORT ROOTS DRIVE<br>NORTH LITTLE ROCK, AR 72114 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Robert Black, C/o. John Ogles Ogles Law Firm, PA, PO Box 891 Jacksonville AR 72078, 5019828339 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☑ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH 4-5-37 | 5. MARITAL STATUS M | 6. DATE AND DAY OF ACCIDENT 7-15-15 | 7. TIME (A.M. OR P.M.) 19:11 |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.) Mr. Black fell under VA care, sustained injury. See Dr. Gorro M.D. note, ps. 343. Mr. Black incurred complications with Gorro abnormalities and extended rehabilitation. See attached exh. A & B.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. See attached

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| See attached. | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY 1,600,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $ 000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) John Ogles, attorney | 13b. Phone number of person signing form 501-982-8339 | 14. DATE OF SIGNATURE 11-17-15 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

Exhibit  B

**Basic Graphic Display of Claim**

Admission 07/14/15

Inadequate supervision

Inadequate medical intervention and errors in documentation

Inadequate management of medication

07/15/15 Fall with injury

1. Zygomatic fracture
2. Scapula fracture
3. Subdural hematoma
4. bruising

Adverse event disclosure

Therapy

Nursing home care

Return visits to hospital

# Progress Notes

AUTHOR: BENNETT,SHARLINDA F   EXP COSIGNER:
URGENCY:                              STATUS: COMPLETED

POST-DISCHARGE TELEPHONE FOLLOW-UP RESPONSE:
   Yes, chart was reviewed.
2-DAY POST DISCHARGE TELEPHONE FOLLOW-UP NO CONTACT (PACT):
Date of Discharge: Last Discharge: Last discharge: JUL 23, 2015@14:01:56
Type of Call:
   Post-discharge
Unable to Contact:
Date of telephone contact: Jul 24,2015
No answer when called and no device to leave a message.


Attempted to call twice. Both times received a message stating the patient isn't
receiving calls at this time.



/es/ SHARLINDA F BENNETT
LPN
Signed: 07/24/2015 15:21

---

LOCAL TITLE: INSTITUTIONAL DISCLOSURE OF ADVERSE EVENT NOTE
STANDARD TITLE: COMMUNICATION OF ADVERSE EVENT
DATE OF NOTE: JUL 23, 2015@14:37      ENTRY DATE: JUL 23, 2015@14:38:11
      AUTHOR: GOCIO,JOHN          EXP COSIGNER:
      URGENCY:                             STATUS: COMPLETED

DATE, TIME, AND PLACE OF DISCUSSION:7/23/2015; 2:00 P.M.; 2C-153 at CAVHS.



NAMES OF THOSE PRESENT:.Ms. Janine Evans; myself; and the Veteran's spouse Mrs.
Lani Black.



DISCUSSION POINTS OF THE ADVERSE EVENT: I told Mrs. Black that the Veteran fell
while under our care, even with fall precautions and sustained injury that
prolonged and complicated his care (facial fracture, subdural hematoma, left
scapular fracture, and left zygomatic arch non-displaced fracture). I told her
we were glad he was improving without surgical intervention. I told her that it
was our opinion that we (CAVHS) had done less than our standard of care in
respect to our fall protection. I instructed her on the two avenues, and what
each entailed, available to the Veteran (and her) to redress the injury:
1. Tort Claim for negligence and injury in federal court.

---

PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)
BLACK,ROBERT W
8623 COLONEL GLENN ROAD
LITTLE ROCK, ARKANSAS  72204

VISTA Electronic Medical Documentation
Printed at CENTRAL ARKANSAS HCS

EXHIBIT A

**Answers for the claim for questions related to liability and damages**

6. Date and day of the week: 07/15/15, Wednesday

7. Time: 4:30 pm

8. Basis of claim( state in detail the known facts and circumstances affecting the damage, injury or death, identify persons and property involved, the place of occurrence and the cause there of.

Mr. B went to the VA Hospital in Little Rock for treatment because he had difficulty walking. He was seen at the emergency room on 07/14/15 and was admitted to the hospital for a stroke. On 07/15/15 at the VA Hospital nursing unit he sustained a fall in his room that resulted in a brain injury (left subdural hematoma), a fracture to the left side of his face (left zygomatic fracture), and a left shoulder fracture (left scapula fracture). He also suffered significant bruising related to the fall.

Inadequate supervision of Mr. B resulted in a fall that the plaintiff suffered severe injuries. A client with a history dementia and self reported difficulty walking should have warranted the need for one on one supervision to prevent serious injury based on his medical history. Standard fall precautions were in place, but it should have been foreseeable that standard fall precautions would be ineffective for a patient with dementia and gait problems. The client was admitted on 07/14/15 and sustained a fall with injury around 1630 on 07/15/15. See medical record page 539.

This pattern of negligent supervision continued on even after the serious fall. An example of this can be seen where an RN documented after the fall on 07/16/15 the patient had "not been identified at risk for falls."  See medical record page 517.

Staff failed to protect the patient by a possible failure to implement timely medical intervention to treat a 2nd degree heart block that was documented around the day of the fall 07/15/2015.  In an addendum entry on 07/15/15 at 1408 identified what appeared to be a second degree heart block that resulted in a call to the doctor and an EKG. An additional addendum identifies some type of error in charting by nurse McGillvray. Around 1630 the plaintiff sustained a fall that resulted in scapular fracture, zygomatic fracture, a subdural hematoma, and significant bruising to his face and head. It should have been foreseeable to healthcare personnel that possible abnormal cardiac function could easily contribute to a serious fall and the patient needed protection to prevent injury if the documentation is accurate. In a second addendum entry on 07/15/15 an error is documented. This raises questions related to the accuracy of the medical record and the standard of care required in the safe care for patients.. See medical record page 571.

Inadequate management of medication to treat the patient is documented by pharmacy consult reports in the medical record. A lab finding by a consultant pharmacist related to an abnormal lipid profile identified several discrepancies related to the treatment of Mr. B 's elevated lipid levels that could contribute to adverse outcomes for the patient. In addition, discrepancies were identified related to anti platelet therapy by physicians treating the patient that could contribute to adverse outcomes for the patient. See medical record page 563.

An adverse event disclosure note dated 07/23/15 authored by John Gocio, MD in the medical record documents a communication to the wife that hospital services did not meet the needs of the patient and the hospitals liability. See note below and medical record page 343. Included in parenthesis is part of the documentation

"07-23-15 Institutional disclosure of Adverse Event
Veteran fell while under our care, even with fall precautions and sustained injury that prolonged and complicated his care. I told her we were glad he was improving without surgical intervention. I told her her that it was our opinion that we (CAVHS) had done less than our standard of care in respect to our fall prevention." Quote form medical record.

EXHIBIT  B

Due to the hospitals failure to provide adequate care Mr. B suffered complications from the fall that likely resulted in injuries that are permanent. This is evidenced by multiple return visits to the emergency department and hospitalizations.

After the initial event the plaintiff did not discharge from the hospital until 07/23/15. Upon discharge he required physical therapy at a nursing home. After his discharge on 07/23/15 to the nursing home, he was found unresponsive by nursing home staff on 07/28/15. This required a return to the hospital and a discharge on 07/29/15. After return to the nursing home the plaintiff was participating in physical therapy. During physical therapy the plaintiff lost consciousness and had clonic movements requiring a return to the hospital with admission for several days to treat and evaluate his condition. Radiology identified several brain abnormalities, in addition to the presence of a stable left temporal subdural hematoma that the patient suffered because of the fall on 07/15/15. The fall on the 07/15/15 has resulted in injury and extended treatment and rehabilitation of the plaintiff. The fall the plaintiff sustained on 07/15/15 has had a negative impact on the Mr. B's ability to fully recover and lead an independent life, requiring residence in a nursing home to meet his needs.

The following is a listing of staff on duty that was involved in the care of Mr. B before the fall that injured Mr. B. Other staff members may be identified with further discover.

Dr. Tedfore, Milana

Dr. Del Giacco, Eric

Dr. Castro, Wilma

Dr. Syed F., Ali

Dr. Romo, Carlos Guillermo

Melissa C. Coulter, RN

Dr. Julia C. Ryscavage

Resident Dr. Hinkle

Mary P. McGillvray, RN

Rebecca A. Lyle, RN

Trento Andrew Hinds, MD

Jami Pearson, RN

Fred Jr. Griebel, RN

Anthony K. Gordon, RN

Sherri L Tatum, RN

Jamie M. Pearson, RN

Dr. Yuekui Li


9. Property loss question: not applicable

10. State the nature and the extent of each injury or cause of death which forms the basis of the claim, if other than the claimant, state name of the injured person or decedent.

 Mr. B suffered a fall at the VA Hospital in his room on the nursing unit on 07/15/15 around 4:30 pm. The first injury was a left subdural hematoma. A left subdural hematoma is a serious brain injury that can have long term

effects on the quality of life of the injured person. The nature of Mr. B injury has resulted in the need for extended medical treatment, physical therapy and a decline in his ability to function independently.

The second injury Mr. B suffered was a left zygomatic fracture (face). The injury as painful and made it difficult to perform activities of daily living.

The third injury Mr. B sustained was a fracture to his scapula. This painful shoulder injury limited his range of motion due to pain and had a negative impact on activities of daily living. The pain and limitations of the scapula fracture was documented in the medical record. See medical record page 534.

The fourth injury suffered by Mr. B was general bruising, with medical documentation of the associated trauma as a hematoma related to the fall. See medical record page 551.

The total effect of the injuries due to the fall on 07/15/15 resulted in Mr. B requiring extensive physical therapy, with transfer to a critical care unit immediately after the fall and an extended stay in the hospital. The initial admission began on 07/14/15 with stroke like symptoms. The lack of medical and nursing care on 07/15/15 resulted in a fall that had catastrophic effects on the quality of life of Mr. B. The event extended the hospital stay until 07/23/15, required rehabilitation services at a nursing home and subsequent hospital admissions in the following month that could possibly be linked to the initial fall and subdural hematoma brain injury on 07/15/15.

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Aug-02  14:28:12
60PR-16-1455
C06D13 : 1 Page

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
PROBATE DIVISION

No. 60PR-16-1455

IN THE MATTER OF THE ESTATE OF  ROBERT BLACK,

deceased

## LETTER OF SPECIAL ADMINISTRATION

LANI BLACK, whose address is, #2 LYLEDALE COURT, LITTLE ROCK,

ARKANSAS, 72204, having been appointed and qualified as Special  Administratrix of

the Estate of ROBERT BLACK, who died on JULY 2, 2016, is hereby authorized to act

as Special  Administratrix for and in behalf of the Estate  for the purpose of pursuing a

wrongful death action, and to take possession of the Estate's property as authorized by

law.

ISSUED this date: 02-AUG-2016

LARRY CRANE,  CIRCUIT CLERK

By: JUDITH A PRICE, PULASKI CLERK



Exhibit   C

# Progress Notes

```
     AUTHOR: BENNETT,SHARLINDA F  EXP COSIGNER:
     URGENCY:                      STATUS: COMPLETED


POST-DISCHARGE TELEPHONE FOLLOW-UP RESPONSE:
  Yes, chart was reviewed.
2-DAY POST DISCHARGE TELEPHONE FOLLOW-UP NO CONTACT (PACT):
Date of Discharge: Last Discharge: Last discharge: JUL 23, 2015@14:01:56
Type of Call:
  Post-discharge
Unable to Contact:
Date of telephone contact: Jul 24,2015
No answer when called and no device to leave a message.



Attempted to call twice. Both times received a message stating the patient isn't
receiving calls at this time.



/es/ SHARLINDA F BENNETT
LPN
Signed: 07/24/2015 15:21
```

---

```
 LOCAL TITLE: INSTITUTIONAL DISCLOSURE OF ADVERSE EVENT NOTE
STANDARD TITLE: COMMUNICATION OF ADVERSE EVENT
DATE OF NOTE: JUL 23, 2015@14:37    ENTRY DATE: JUL 23, 2015@14:38:11
     AUTHOR: GOCIO,JOHN        EXP COSIGNER:
     URGENCY:                      STATUS: COMPLETED

DATE, TIME, AND PLACE OF DISCUSSION:7/23/2015; 2:00 P.M.; 2C-153 at CAVHS.



NAMES OF THOSE PRESENT:.Ms. Janine Evans; myself; and the Veteran's spouse Mrs.
Lani Black.



DISCUSSION POINTS OF THE ADVERSE EVENT: I told Mrs. Black that the Veteran fell
while under our care, even with fall precautions and sustained injury that
prolonged and complicated his care (facial fracture, subdural hematoma, left
scapular fracture, and left zygomatic arch non-displaced fracture). I told her
we were glad he was improving without surgical intervention. I told her that it
was our opinion that we (CAVHS)had done less than our standard of care in
respect to our fall protection. I instructed her on the two avenues, and what
each entailed, available to the Veteran (and her) to redress the injury:
1. Tort Claim for negligence and injury in federal court.
```

---

PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)

BLACK,ROBERT W
8623 COLONEL GLENN ROAD
LITTLE ROCK, ARKANSAS  72204

VISTA Electronic Medical Documentation
Printed at CENTRAL ARKANSAS HCS

Exhibit  D

Page 343

# Progress Notes

```
Ability to communicate: able
Individual Coping: Appropriate
-----------------------------------------------------------------
PAIN REASSESSMENT:

(Departments of Veterans Pain Rating Scale was used during this assessment)

SCREENING:
Pain Score:   [2]
Comfort goal: [3]
Reassessment:
-Pain is not an issue at this time (no medication or pain interventions
required)
 Will continue with current plan of care.


-----------------------------------------------------------------
FALL RISK ASSESSMENT:
Educated patient on Fall Risk and Interventions.
FALLS EDUCATION EVALUATION:
Partial understanding/ demonstration.
Has patient been identified as being 'At Risk for Falls'?
         No.
Has there been a change in patient's condition related to falls?
         No.
Has there been a change in the patient's Falls Care Plan?
          No.
-----------------------------------------------------------------
RESTRAINT ASSESSMENT:
Restraint: Not in Use
-----------------------------------------------------------------
EDUCATION ASSESSMENT:
BARRIERS TO LEARNING:
Physical, Cognitive
RECEPTIVE TO EDUCATION: Yes

Education Needs
plan of care, orientation to surroundings



Patient Instruction (include method of instruction):
verbal



EDUCATION EVALUATION:
Partial understanding/demonstration

/es/ JAMES D OSWALT
RN BSN
```

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| BLACK, ROBERT W<br>8623 COLONEL GLENN ROAD<br>LITTLE ROCK, ARKANSAS   72204 | Printed at CENTRAL ARKANSAS HCS |

# Progress Notes

```
/es/ MICHAEL E KUBALA
MD, PGY-2, Otolaryngology
Signed: 07/15/2015 19:56
```

```
 LOCAL TITLE: ENT CONSULT RESULTS
STANDARD TITLE: OTOLARYNGOLOGY CONSULT
DATE OF NOTE: JUL 15, 2015@19:49      ENTRY DATE: JUL 15, 2015@19:49:36
      AUTHOR: KUBALA,MICHAEL E     EXP COSIGNER:
      URGENCY:                          STATUS: COMPLETED
```

cc: zygomatic arch fx after fall

HPI: Robert Black is a 76 y.o. WM who is currently admitted for neurologic
events, fell earlier today and hit the left side of his face on a table. He was
trying to go to the restroom. A CT scan reveiwed a left anterior non-displaced
zygomatic arch fracture along with a SDH. He is complaining of some soreness to
the left side of his face with a bit of pain. He denies malocclusion, trismus,
hearing loss, numbness, tinnitus, or dysphagia.

He is not currenlty on anticoagulation

ROS: pertinent positives and negatives listed in HPI

PMH, PSH, FHx, allergies, medications, and social history reviewed in HPI

Exam:
AFVSS
NAD, comfortable in bed
Head: NC/AT, scalp without masses or lesions
Face: Facial symmetry, salivary glands wnl
Ears: AU External ears normal, EAC patent, TM wnl
Eyes: PERRLA, EOMI, conjunctiva clear
Nose: External nose normal, normal appearing nasal mucosa
Mouth: OC/OP without masses or lesions, FOM and BOT soft, poor dentition
Neck: soft, supple, no LAD, trachea midline, thyroid normal
CN 2-12 intact bilaterally

CT head:
left anterior non-displaced zygomatic arch fracture, otherwise bony architecture
intact

A/P:
76 y.o. M with left anterior non-displaced zygomatic arch fracture

- no acute surgical intervention planned at this time
- no abx from ENT standpoint

will d/w staff

---

**PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)**
BLACK,ROBERT W
8623 COLONEL GLENN ROAD
LITTLE ROCK, ARKANSAS  72204

**VISTA Electronic Medical Documentation**
Printed at CENTRAL ARKANSAS HCS

# Progress Notes

- MVI

    OUTPATIENT MEDICATIONS RESTARTED WITH DOSAGES CHANGED:
    =================================================================
- None

3. Allergies: Patient has answered NKA

4. Renal adjustment of medications: CrCl estimated at 54 ml/minute per
Cockcroft-Gault equation. (creatinine 1.2mg/dL 7/15/15)

OUTCOME:
=================================================================
   1. Medication Reconciliation performed:
Discrepancies documented and communicated to provider as deemed appropriate.
(SEE ABOVE)
=================================================================
   2. Significant Findings/Actions:
- Dyslipidemia: Lipid panel on 7/15/15: CHO 172, TG 121, HDL 38, LDL 110
Simvastatin 20mg daily was continued on admission. Neuro Resident recommended
increasing to simvastatin 80mg daily. Note that max dose for simvastatin is
40mg daily. Doses of simvastatin 80mg have been associated with a much high
incidence of rhabdomyolysis and recommendations are to limit dose to max of 40mg
(FDA 2012). Patients who had already been receiving simva 80mg for more than a
year without incident were allowed to continue. Neuro Resident then ordered
atorvastatin 80mg daily. Recommend reconsidering dose of atorvastatin. Simva
20mg is equivalent to atorva 10mg. Dose of atorva 40mg is still considered high
intensity and would be less likely to cause adverse events in a patient > 75
years old.

- Anticoagulation: Aspirin was not continued on admission for unknown reason.
Neuro consult 7/14 recommended aspirin. Neuro note from 7/15 recommended
aspirin 325mg daily and clopidogrel 75mg daily. Use of DAPT increases the risk
of bleeding. Consider decreasing aspirin to 81mg daily and discontinuing
ibuprofen prn. PLT and HGB dropped below normal since admission.

- HTN: Receives lisinopril as outpatient. Goal BP < 150/90. Monitor vital
signs, creatinine, and electrolytes.

- BPH: Finasteride and tamsulosin continued on admission.

- Dementia: Donepezil continued on admission. Monitor for urinary urgency, GI
issues, and bradycardia. Avoid anticholinergic medications.


/es/ CHRISTINA MINDEN,PHARM D,CGP
Clinical Pharmacist, pager 1547
Signed: 07/15/2015 17:03

   Receipt Acknowledged By:

---

**PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available)**
BLACK,ROBERT W
8623 COLONEL GLENN ROAD
LITTLE ROCK, ARKANSAS  72204

**VISTA Electronic Medical Documentation**
Printed at CENTRAL ARKANSAS HCS

# Progress Notes

```
Activity:        4 = Walks Frequently
Mobility:        4 = No Limitation
Nutrition:       3 = Adequate
Friction:        3 = No Apparent Problem
   19-23   No Risk
      Score:  22
```

CURRENT SKIN ASSESSMENT
    Skin Color:
        Color:  Normal for ethnic group
    Skin Temperature
        Temp:  Warm
    Skin Moisture
        Moisture:  Dry
    Skin Turgor
        Turgor:  Abnormal

SKIN PROBLEMS


    No wounds, pressure ulcers or other skin problems.

.INTERVENTIONS
    The pressure ulcer prevention protocol was not needed - patient is not
at risk.

/es/ MARY P MCGILLVRAY
RN
Signed: 07/15/2015 10:43

07/15/2015 ADDENDUM                    STATUS: COMPLETED
CORRECTION error in charting patient is on TT/671 showing SR per TT

/es/ MARY P MCGILLVRAY
RN
Signed: 07/15/2015 10:51

07/15/2015 ADDENDUM                    STATUS: COMPLETED
T.T. phoned to inform nurse "it's looks like he may be in a 2nd degree
heartblock." EKG obtained and MD notified

/es/ MARY P MCGILLVRAY
RN
Signed: 07/15/2015 16:08

```
 LOCAL TITLE: TREATMENT PLAN
STANDARD TITLE: TREATMENT PLAN NOTE
DATE OF NOTE: JUL 15, 2015@01:54      ENTRY DATE: JUL 15, 2015@01:54:29
       AUTHOR: LYLE,REBECCA A        EXP COSIGNER:
```

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| BLACK,ROBERT W<br>8623 COLONEL GLENN ROAD<br>LITTLE ROCK, ARKANSAS  72204 | Printed at CENTRAL ARKANSAS HCS |